UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| In re: | ) | |
|---|---|---|
| | ) | |
| JEFFREY L. TUTTLE | ) | Case No. 09-11846-SSM |
| KATHLYN TUTTLE | ) | Chapter 13 |
| | ) | |
| Debtors | ) | |

| In re: | ) | |
|---|---|---|
| | ) | |
| GEORGE E. ARMAH, JR. | ) | Case No. 09-12104-SSM |
| PATRICIA A. ARMAH | ) | Chapter 13 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION**

The standing chapter 13 trustee, Thomas P. Gorman, has objected to confirmation in each of these two cases on the ground that the up-front fees paid to counsel for the debtors — $5,000 in one case and $4,500 in the other — exceeds the amounts fixed by this court as reasonable. A hearing was held on both objections on June 10, 2009. The court agrees, however, with counsel for the debtors that the standing order cited by the trustee — which in any event merely provides a simplified application process when fees do not exceed a specified amount — applies only to fees that are to be paid through the plan and has no applicability to fees paid prior to the filing of the petition. Such fees, it is true, are subject to review for reasonableness, but the evidence before the court does not show the fees collected in these two cases to be unreasonable for the services likely to be needed and that counsel has committed to provide. Accordingly, the objections to confirmation will be overruled.

1

Background

   A. <u>Jeffrey L. Tuttle and Kathlyn Tuttle</u>.

Jeffrey L. Tuttle and Kathlyn Tuttle filed a voluntary petition in this court on March 12, 2009. On their schedules of assets, they reported $338,500 in real property and $56,356 in personal property; $713,375 in secured debt and $71,697 in unsecured debts; net monthly income of $5,358; and monthly expenses of $4,675. Their residence, located at 13073 Taverner Loop, Woodbridge, Virginia, is valued at $336,000, subject to a first-lien deed of trust in the amount of $388,152, a second-lien deed of trust in the amount of $99,769, and a third-lien deed of trust in the amount of $100,673. The amended plan that is presently before the court was filed on April 30, 2009. It proposes payment to the trustee of $683 per month for 36 months with the estimated distribution on unsecured claims being 6 cents on the dollar. The plan provides for trustee to pay an estimated $15,227 arrearage on the first deed of trust, with the regular monthly payments being made directly by the debtors. With respect to the second and third deeds of trust, the plan provides:

> The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

The plan goes on to state, "Debtor [*sic*] will file an Adversary Proceeding to show that the second and third mortgage claim of Wachovia is wholly unsecured and to request that its lien be removed from debtor's [*sic*] principal residence." The disclosure of compensation filed by counsel for the debtors reflects that he was paid $5,000 (in addition to the filing fee) prior to the

filing of the petition. The plan does not provide for the payment of any attorney's fees through the plan.[1]

    B.  <u>George E. Armah, Jr., and Patricia A. Armah</u>

George E. Armah, Jr., and Patricia A. Armah filed a voluntary chapter 13 petition in this court on March 20, 2009. On their schedules, they listed $69,076 in unsecured claims and reported $9,379 in net monthly income and $7,869 in monthly expenses. The schedules value their residence at 6351 Ruskin Row Place, Woodbridge, Virginia, at $513,000, subject to a first lien deed of trust in the amount of $559,120 and a second-lien deed of trust in the amount of $139,361. Their amended plan, filed on April 30, 2009, proposes payment to the trustee of $1,510 per month for 60 months, for total funding of $90,600. From the payments received, the trustee would pay his own statutory commission, a secured automobile debt, and an estimated $10,000 mortgage arrearage claim. The remaining funds would be paid pro rata to unsecured creditors, with the estimated distribution being 100 cents on the dollar. With respect to the second deed of trust, the plan provides:

> The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

The plan goes on to state, "Debtor [*sic*] will file an Adversary Proceeding to show that the second mortgage claim of Aurora Loan Services, Inc., is wholly unsecured and to request that

---

[1] Although the original plan filed by debtor's counsel correctly stated that the "total fee" in the case was $5,000, the amended plan erroneously shows the amount as $3,000, which the court surmises is a default value inserted by the form generation software. In any event, counsel should take pains to ensure that the plan correctly states the amount of the total fee whether or not it (or a portion of it) is to be paid through the plan.

its lien be removed from debtor's [*sic*] principal residence.." The disclosure of compensation filed by counsel for the debtors reflects that he was paid $4,500 (in addition to the filing fee) prior to the filing of the petition. The plan does not provide for payment of any attorney's fees through the plan.[2]

Discussion

A.

The sole basis of the objections to confirmation is that "The Plan, Statement of Financial Affairs, and/or Rule 2016 disclosure form indicate an attorney's fee amount above the $3,000.00 amount set forth in this Court's Standing Order No. 08-1 entered March 14, 2008 or Local Rule 2016-1(C)." The cited local rule, however, is inapposite, as it was repealed on March 17, 2008. The standing order, which became effective that same date, addresses fees for debtor's counsel in chapter 13 cases.[3] The language relevant to the trustee's objection is as follows:

> If the initial fee charged to a debtor for routine, expected services in a Chapter 13 case filed on or after October 17, 2005, does not exceed $3,000 plus actual and necessary expenses that do not exceed $300 (other than the filing fee, and charge for credit counseling, and personal financial management, if advanced by the attorney) a formal application for approval and payment of the unpaid amount through the Chapter 13 plan will not be required if (a) the total fee and the unpaid portion is clearly set forth in the Chapter 13 plan, and (b) the fee is consistent with the disclosure of compensation filed under Federal Rule of Bankruptcy Procedure 2016. The Chapter 13 plan and Rule 2016 statement will be treated as the application required by Rule 2016(b), and the order confirming the plan will

---

[2] Although the original plan correctly shows the total fee to be $4,500, the amended plan incorrectly shows it as $3,000.

[3] Its full title is "Order on Fees for Debtor's Counsel in Chapter 13 Cases; Adoption of Guidelines for Fee Applications in Chapter 13 Cases Filed on or after October 17, 2005; and Procedures Governing Fees for Debtor's Counsel in Chapter 13 Cases Filed Before October 17, 2005." The order applies in all chapter 13 cases in this district <u>except</u> those assigned to Judge Robert G. Mayer.

be treated as an order approving compensation. Any objection to allowance and payment of compensation in the amount stated in the Chapter 13 plan must be filed no later than the last day for filing objections to confirmation of the plan. If no objection is filed, the Court may approve the fee and confirm the plan without holding a hearing.

By its express terms, Standing Order 08-1 only addresses fees that are to be paid through the plan by the trustee as an expense of administration.  Essentially, the order provides a simplified application procedure (sometimes colloquially referred to as a "no look fee") when the total compensation does not exceed $3,000.  If the total fee charged in the case exceeds that amount, then a formal fee application is required.  Although the simplified application procedure when the total fee does not exceed $3,000 is perhaps a tacit recognition that such a fee falls within the range of what is customary and reasonable in the ordinary case, nothing in the order purports to establish $3,000 as a ceiling or even as a presumptive fee.

B.

Although Standing Order 08-1 does not, by its terms, apply to legal fees paid to an attorney for the debtor prior to the filing of the petition, such fees are by no means insulated from judicial review.  Any attorney representing a debtor, whether or not he or she applies for compensation from the estate, must file with the court a statement of the compensation paid or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with the case. § 329(a), Bankruptcy Code; Fed.R.Bankr.P. 2016(b).  The court, on its own motion or on motion of a party in interest, may, after notice and a hearing, determine whether any such payment made prior to the filing of the petition "exceeds the reasonable value" of the services provided, and, if so, may order the return of any such payment. § 329(b), Bankruptcy Code; Fed.R.Bankr.P. 2017(a).  Procedurally, a concern by the trustee as to the amount of a fee

5

that was paid prior to the filing of the petition should be raised as a motion under § 329 to examine the debtor's transactions with his attorney and not as an objection to confirmation, unless the amount of the fee reasonably bears on the debtor's good faith in proposing the plan.[4] Because the trustee has not asserted that either plan was proposed in bad faith, and because there is no assertion that either plan otherwise fails to meet the requirements for confirmation, the objections to confirmation will be overruled.

C.

Since the trustee's pleading, however inartfully titled, does squarely raise the reasonableness of the compensation paid, the court will reach that issue. The question, very simply, is whether $4,500 exceeds the reasonable value of the services to be rendered in a chapter 13 case in which counsel has undertaken, in addition to obtaining confirmation of a plan, to bring an adversary proceeding to "strip off" a wholly unsecured deed of trust; or whether $5,000 is excessive in a case in which two deeds of trust are to be stripped off. As explained by the debtors' attorney at the hearing, his firm's practice is to charge a flat fee in chapter 13 cases because he has found that consumer clients prefer the certainty of a flat fee to the uncertainty of an hourly fee. The amount of the flat fee varies with the anticipated work but is higher in cases in which an adversary proceeding will have to be filed in order to "strip-off" a wholly-unsecured subordinate lien.[5] Of course, it is always possible that the creditor will not oppose such a

---

[4] In a third case argued the same day, the trustee <u>did</u> object on good faith grounds. A separate opinion will be issued in that case.

[5] Although there is some authority to the contrary, *see, e.g., In re Lewandowski*, 219 B.R. 99 (Bankr. W.D. Pa. 1998), the majority position is that a chapter 13 plan may treat such creditors as unsecured. *See Dean v. LaPlaya Inv., Inc. (In re Dean),* 319 B.R. 474 (Bankr. E.D. Va.
(continued...)

proceeding, and judgment avoiding the lien of the deed of trust upon completion of the plan may be entered by default, with fairly minimal effort on the attorney's part. On the other hand, if the creditor opposes the relief (which in most instances means disputing the debtor's valuation of the collateral, although there could possibly be a legal challenge as well, since not all courts agree that a wholly-unsecured mortgage may be stripped off in chapter 13), counsel would likely be required to expend a great deal of time and effort in litigating the action. Put another way, counsel may be overcompensated in the first scenario and undercompensated in the second, but that is the nature of a flat fee. In the absence of some evidence by the trustee that the fees that would be incurred if counsel were charging on an hourly-fee basis exceeds the $2,000 or $1,500 excess in these cases over the $3,000 amount that the trustee contends would be a reasonable fee in a routine case, the court has no objective basis on which to make a finding that the flat fee charged in these two cases exceeds the reasonable value of the services that counsel has committed to provide. While the fees are significant, the court is aware of several chapter 13 cases in this court in which compensation based on hourly fees has been approved in amounts exceeding $5,000 based on non-routine services that were provided. Such cases, to be sure, are the rare exception, but they suggest that $5,000 is not per se an unreasonable fee for cases that

---

[5](...continued)
2004); *Flowers v. FirstPlus Financial, Inc. (In re Flowers)*, 1999 WL 118022, 1999 Bankr. LEXIS 1192 (Bankr. E.D. Va. 1999); *Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed*, 77 F.3d 472 (4th Cir. 1996); *Johnson v. Asset Mgt. Group, LLC*, 226 B.R. 364 (D. Md. 1998); *In re Pond*, 252 F.3d 122, 126-27 (2nd Cir. 2001); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 40-41 (BAP 9th Cir. 1997); *In re Geyer*, 203 B.R. 726, 729 (Bankr. S.D. Cal. 1996); *In re Lee*, 177 B.R. 715, 716 (Bankr. N.D. Ala. 1995); *In re Kidd*, 161 B.R. 769, 770-71 (Bankr. E.D.N.C. 1993). Such a strip-off, however, requires an adversary proceeding and cannot be accomplished simply by a motion to value the secured creditor's collateral. *In re Chukes*, 305 B.R. 744 (Bankr. D. D.C. 2004).

require more than simply obtaining confirmation of a plan in order to provide relief to the debtor. Accordingly, even treating the objections to confirmation as a motion to examine the fees paid to debtor's counsel, the court cannot find that those fees are excessive.

## D.

The trustee is directed to submit proposed orders—on which he may note his exception to the court's ruling—confirming each of the two plans.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

Robert R. Weed, Esquire
Law Offices of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
Counsel for the debtors

Jeffrey L. Tuttle
Kathlyn Tuttle
13073 Taverner Loop
Woodbridge, VA 22192

George E. Armah, Jr.
Patricia A. Armah
6351 Ruskin Row Pl
Woodbridge, VA 22193

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314